UNITED STATES of America, Plaintiff–Appellee,

v.

Dion Luther KNIFE, Defendant– Appellant.

No. 93–1426.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 11, 1993.

Decided Nov. 16, 1993.

Al Arendt, Pierre, SD, argued, for defendant-appellant.

Mikal Hanson, Pierre, SD, argued, for plaintiff-appellee.

Before JOHN R. GIBSON, MAGILL, and LOKEN, Circuit Judges.

LOKEN, Circuit Judge.

Dion Luther Knife appeals the twenty-seven month sentence he received after pleading guilty to one count of abusive sexual contact with a child under the age of twelve, within Indian country, in violation of 18 U.S.C. §§ 1153, 2244(a)(1), and 2245(3). Knife argues that the district court[1] erred in determining that he committed the offense by means of force or threat within the meaning of 18 U.S.C. § 2241(a), which increased

1. The Honorable Donald J. Porter, Senior United States District Judge for the District of South Dakota.

his base offense level under U.S.S.G. § 2A3.4(a)(1). We affirm.

The relevant statutes make it a crime to engage in abusive sexual contact with a child under twelve. *See* 18 U.S.C. §§ 2241(c), 2244(a)(1). If force or threat is used, U.S.S.G. § 2A3.4(a)(1) increases the base offense level. This guideline incorporates the definition of force or threat found in 18 U.S.C. § 2241(a), which requires a finding that the act was committed:

> (1) by using force against that other person; or
>
> (2) by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping.

*See United States v. Balfany*, 965 F.2d 575, 584 (8th Cir.1992) (discussing the similar structure of U.S.S.G. § 2A3.1, governing criminal sexual abuse).

Knife pleaded guilty to abusive sexual contact with an eleven year-old foster child who was living in his parents' home when he returned from college in May 1991. The presentence report recommended that Knife be sentenced under § 2A3.4(a)(1). He filed objections that no force or threat had been used, and the district court held an evidentiary sentencing hearing on that issue.

At the hearing, the government presented the testimony of an experienced child therapist who had provided the victim 80–100 hours of counseling and therapy. According to this witness, the victim stated that Knife, who then weighed 210 pounds, lay on her and held her down during some of his numerous abusive contacts; that Knife told the victim not to tell anyone or "he would do more to her"; that the victim felt Knife's mere presence was physically threatening; that after leaving the foster home the victim still feared that Knife would find her and has "night traumas" in which she imagines him outside her window; and that Knife had struck her on at least one occasion though not during sexual contact.

Knife testified at the sentencing hearing and denied using any force or threats to commit the abusive sexual contact to which he had pleaded guilty. During direct examination, Knife testified that he hit the victim once, then retracted that statement when pressed by defense counsel as to whether he had understood the meaning of the word "hit." Knife's stepmother also testified for the defense, stating that she knew nothing of Knife's conduct until he was arrested and that the victim was "boy crazy." She stated that the victim had a poor reputation for truthfulness in the community, and it was stipulated that two additional witnesses would also testify to the victim's poor reputation for truthfulness in the community.

At the conclusion of the evidence, the district court credited the therapist's testimony, believed Knife's retracted statement that he had hit the child, and found that the offense had been committed with "a certain degree of force and a degree of threats to the ... victim ... that continued from the time of infliction on down until finally the whole thing came to an end." Accordingly, the court determined that Knife's base offense level should be determined under § 2A3.4(a)(1).

On appeal, Knife argues that the district court erred in admitting and basing its decision entirely upon the therapist's uncorroborated hearsay testimony, and that the court's finding of force or threat is against the weight of the evidence.

At sentencing the district court may consider relevant hearsay testimony "provided that the information has sufficient indicia of reliability to support its probable accuracy." *United States v. Wise*, 976 F.2d 393, 402 (8th Cir.1992) (quoting U.S.S.G. § 6A1.3(a) p.s.), *cert. denied,* —— U.S. ——, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). In this case, the victim's hearsay statements were offered through a professional therapist who had treated the victim at length. The statements were corroborated in part by Knife's later testimony, by medical records, and by the victim's public conduct. There was foundation laid that might well have made the statements admissible at a trial, which strongly suggests that the testimony is sufficiently reliable to be admitted at a sentencing hearing. *See Ring v. Erickson*, 983 F.2d 818 (8th Cir.1992). In these circumstances, the dis-

trict court did not abuse its discretion in admitting this testimony.

 The government's proof that Knife committed the offense by use of force or threat, if believed, was more than sufficient to meet its preponderance burden at sentencing. *Cf. Balfany*, 965 F.2d at 584–85. Though Knife denied the victim's accusations, and the defense put on evidence attacking the victim's credibility, the district court credited the government's evidence, including Knife's "spontaneous" admission that he hit the victim. "[W]itness credibility is an issue for the sentencing judge that is virtually unreviewable on appeal." *United States v. Candie*, 974 F.2d 61, 64 (8th Cir.1992). Having carefully reviewed the sentencing record, we conclude that the district court's finding that Knife committed the offense by means of force or threat was not clearly erroneous.

The judgment of the district court is affirmed.