UNITED STATES of America,
Plaintiff–Appellee,

v.

Richard Wayne DREWRY,
Defendant–Appellant.

No. 03–6011.

United States Court of Appeals,
Tenth Circuit.

June 6, 2005.

Ozia M. McKinney–Foster, Asst. U.S. Attorney, Robert G. McCampbell, U.S. Attorney, Office of the United States Attorney, Oklahoma City, OK, for Plaintiff–Appellee.

William P. Earley, Asst. F.P. Defender, Office of the Federal Public Defender, Oklahoma City, OK, for Defendant–Appellant.

Before SEYMOUR, MURPHY, and O'BRIEN, Circuit Judges.

**ORDER AND JUDGMENT***

STEPHANIE K. SEYMOUR, Circuit Judge.

Richard Wayne Drewry was convicted by a jury of five counts of physical and sexual abuse of four children in Indian country in violation of 18 U.S.C. §§ 2241(c), 2244(c) and § 113(a)(5). The district court sentenced Mr. Drewry to 210

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

months imprisonment and we affirmed his convictions and sentence on appeal. *United States v. Drewry*, 365 F.3d 957 (10th Cir.2004), *vacated by Drewry v. United States*, —— U.S. ——, 125 S.Ct. 987, 160 L.Ed.2d 1015 (2005).

Subsequent to the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Mr. Drewry filed a petition for a writ of certiorari, arguing for the first time that the district court violated his Sixth Amendment rights by imposing a sentence exceeding the maximum authorized by jury findings alone. The Supreme Court granted Mr. Drewry's certiorari petition, vacated our judgment, and remanded the case to this court for further consideration in light of its decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See Drewry*, 125 S.Ct. at 987. We asked the parties to file supplemental briefs addressing the impact of *Booker* on this case.[1]

In *Blakely*, the Supreme Court applied the rule it expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), to Washington state's determinate sentencing regime. *Blakely*, 124 S.Ct. at 2536. In *Booker*, the Court extended *Apprendi* and *Blakely* to the Federal Sentencing Guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." 125 S.Ct. at 756. To remedy the guidelines' Sixth Amendment violation, the Court severed and excised 18 U.S.C. § 3553(b)(1), which had required sentencing courts to impose a sentence within the applicable guidelines range, subject to departures in limited cases. *Id.* at 764. As a result, the guidelines are now advisory in all cases. *Id.* at 769.

Due to a criminal history category of I and total offense level of 31,[2] a 135 month term of imprisonment was the maximum penalty Mr. Drewry could have received solely based the jury's verdict finding him guilty of five counts of physical and sexual abuse of four children in Indian county. *See* U.S.S.G. ch. 5, pt. A (2002). At sentencing, however, the district court enhanced Mr. Drewry's sentence by four offense levels based on a finding that one of his offenses involved the use of force or threats pursuant to U.S.S.G. § 2A3.1(b)(1), and by two offense levels pursuant to U.S.S.G. § 2A3.1(b)(3), due to a finding that his victim was in his custody care or supervisory control. As a result, Mr. Drewry's total offense level was calculated at 37, mandating a guidelines range of 210 to 262 months incarceration. U.S.S.G. ch. 5, pt. A. Mr. Drewry argues that because the maximum penalty he could receive solely on the basis of the jury's findings was 135 months, the 210 month sentence imposed by the district court violates the Sixth Amendment. *See Booker*, 125 S.Ct. at 756; *Blakely*, 124 S.Ct. at 2536.

Although Mr. Drewry objected in the district court to the application of the sentencing enhancement for use of force, he failed to raise a Sixth Amendment objection. We therefore review his claim for plain error. *See Booker*, 125 S. Ct at 769

---

1. In addition to addressing *Booker's* impact on the sentences in this case, Mr. Drewry asks us to revisit the sufficiency of evidence regarding the status of the victims as Indians. We decline to do so.

2. The total offense level of 31 incorporates the four-level enhancement Mr. Drewry received due to a jury finding that his victim had not attained the age of twelve years.

(emphasizing whether a new sentencing hearing is required depends on "ordinary prudential doctrines," such as "whether the issue was raised below and whether it fails the 'plain-error' test"); *see also United States v. Dazey,* 403 F.3d 1147, 1174 (10th Cir.2005) (applying plain error test to constitutional *Booker* error). In reviewing for plain error, we must determine whether there was (1) error (2) that is plain and (3) affects substantial rights. *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002); *United States v. Gonzalez–Huerta,* 403 F.3d 727, 732 (10th Cir.2005) (*en banc*). If Mr. Drewry meets his burden of establishing the first three prongs of the plain error test, we may exercise discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Johnson v. United States,* 520 U.S. 461, 469–70, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (citing *United States v. Olano,* 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)); *Gonzalez–Huerta,* 403 F.3d at 732. "We conduct this analysis 'less rigidly when reviewing a potential constitutional error.'" *Dazey,* 403 F.3d at 1174 (quoting *United States v. James,* 257 F.3d 1173, 1182 (10th Cir.2001)).

The district court clearly erred in sentencing Mr. Drewry based on its finding that his offenses involved the use of force or threats and that the victim was in the custody, care, or supervisory control of the defendant. *See Booker,* 125 S. Ct at 756; *Blakely,* 124 S.Ct. at 2536–37. Moreover, the error is now "plain" or "obvious." *Johnson,* 520 U.S. at 468 (holding that "where the law at the time of trial [or sentencing] was settled and clearly contrary to the law at the time of appeal—it is enough that an error be 'plain' at the time of appellate consideration").

In order to demonstrate that an error affected his substantial rights, "a defendant must show a 'reasonable probability' that the defects in his sentencing altered the result of the proceedings." *Dazey,* 403 F.3d at 1175 (citing *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 2339, 159 L.Ed.2d 157 (2004)). "[T]he mere difference between the imposed Guidelines sentence and the sentence the defendant would have received based on the facts found by the jury ... is [not] sufficient to satisfy the third prong of plain error." *Id.* A defendant may meet his burden in at least two ways:

> First, if the defendant shows a reasonable probability that a jury applying a reasonable doubt standard would not have found the same material facts that a judge found by a preponderance of the evidence, then the defendant successfully demonstrates that the error below affected his substantial rights.... Second, a defendant may show that the district court's error affected his substantial rights by demonstrating a reasonable probability that, under the specific facts of his case as analyzed under the sentencing factors of 18 U.S.C. § 3553(a), the district court judge would reasonably impose a sentence outside the guidelines range.

*Dazey,* 403 F.3d at 1175. Mr. Drewry makes no argument that "if the court were entitled to greater latitude in considering the sentencing factors of 18 U.S.C. § 3553(a)," *id.* at 1176, his sentence would have been different. Nor are we persuaded there was insufficient evidence for a jury to find beyond a reasonable doubt the sentencing enhancing facts that the district court found by a preponderance of the evidence.

In asking whether "a jury applying a reasonable doubt standard would not have found the same material facts that a judge

found by a preponderance of the evidence," *id.* at 1175, we must "review the evidence submitted at the sentencing hearing and the factual basis for any objection the defendant may have made to the facts on which the sentence was predicated." *Id.* At sentencing, Mr. Drewry's challenge to the § 2A3.1(b)(1) guideline enhancement was not based on the grounds of factual insufficiency, but rather that the facts presented at trial used to support the enhancement did not legally satisfy the requirements laid out in § 2A3.1(b)(1). He did not object to the enhancement based on § 2A3.1(b)(3) involving his care and custody of the victim. The district court relied on the testimony it heard at trial to support the enhancements, and that evidence is sufficient to meet the reasonable doubt standard. Therefore, Mr. Drewry cannot clear the third prong of the plain error test. Having reached this conclusion, we need not address the final prong of the test. *See United States v. Ambort,* No. 03–4243, 2005 WL 1023345, at *10 (10th Cir. May 3, 2005) (upon finding defendant did not establish his substantial rights were affected, court did not proceed to fourth prong of plain error test).

Accordingly, we reinstate our prior opinion, *United States v. Drewry,* 365 F.3d 957 (10th Cir.2004), and **REAFFIRM** Mr. Drewry's convictions and sentence.