# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3816

_____

United States of America,                 *
                                        *

             Appellee,        *   Appeal from the United States
                                          *   District Court for the
     v.                            *   Southern District of Iowa.
                                          *

Gerald Dacre,                     *   [UNPUBLISHED]
                                          *

            Appellant.       *

_____

Submitted: May 16, 2006
Filed: August 1, 2006

_____

Before  WOLLMAN, BRIGHT, and RILEY, Circuit Judges.

_____

PER CURIAM.

Gerald Dacre appeals the district court's judgment[1] of October 13, 2005 sentencing him to 84 months' imprisonment for possession with the intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(B), and a concurrent term of 48 months' imprisonment for use of a communications facility (telephone) in committing

_____

[1]The Honorable Harold D. Vietor, Senior United States District Judge for the Southern District of Iowa.

a drug felony offense, 21 U.S.C. § 843(b).[2] Dacre challenges the district court's conclusion that he possessed a firearm in connection with these drug offenses, which resulted in a two-level sentencing enhancement under U.S.S.G. § 2D1.1(b)(1) and rendered him ineligible for application of the "safety valve," U.S.S.G. § 5C1.2.[3] We affirm.

Dacre contends the district court should have allowed him to use results from a defense-generated polygraph examination to bolster his claim that he did not possess a firearm in connection with his drug offenses. At sentencing, the district court "may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). We review the district court's decision to exclude polygraph evidence at sentencing for abuse of discretion. See United States v. Knife, 9 F.3d 705, 706 (8th Cir. 1993) (citing U.S.S.G. § 6A1.3(a)) (reviewing for abuse of discretion whether the district court erred in admitting hearsay testimony at sentencing); United States v. Duverge Perez, 295 F.3d 249, 254 (2d Cir. 2002) (reviewing for abuse of discretion whether the district court erred in excluding polygraph evidence at sentencing).

The district court decided that, absent a stipulation of the parties, it would evaluate the credibility of the witnesses without weighing expert opinion on polygraph results. The court reached this decision based on the uncertainties surrounding the reliability of polygraph examinations, which the Supreme Court and this court have recognized. See United States v. Scheffer, 523 U.S. 303, 309-12, 315-17 (1998); Ortega v. United States, 270 F.3d 540, 547-48 (8th Cir. 2001).

---

[2]On February 22, 2006, the court granted the government's motion to dismiss its cross-appeal at No. 05-4088.

[3]In sentencing Dacre, the district court departed downward from an advisory guideline range of 135 to 168 months' imprisonment.

The district court did not abuse its discretion in resolving this issue in favor of exclusion of the polygraph evidence.

As an alternative argument, Dacre contends that even without the polygraph results, the evidence does not support an enhanced sentence under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm in connection with his drug offenses. Section 2D1.1(b)(1) provides, "If a dangerous weapon (including a firearm) was possessed, increase [base offense level] by **2** levels." Application note 3 of the Commentary to Section 2D1.1 states, "The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."

"At sentencing, the burden is on the government to show by a preponderance of the evidence that a dangerous weapon was present and that it was not clearly improbable that the weapon had a nexus with the criminal activity." United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996). "We will not reverse the district court's factual finding that [Dacre] possessed a firearm for purposes of § 2D1.1 unless the district court's finding is clearly erroneous." United States v. Hayes, 15 F.3d 125, 127 (8th Cir. 1994).

"A nexus exists where there is a temporal and spatial relation between the weapon, the drug trafficking activity, and the defendant." United States v. Thompson, 210 F.3d 855, 862 (8th Cir. 2000) (internal quotations and citation omitted). "The government need not prove the defendant had actual possession of the weapon; constructive possession will do." United States v. Torres, 409 F.3d 1000, 1003 (8th Cir. 2005). Further, "the dangerous-weapon enhancement applies if the weapon was used during acts that 'were part of the same course of conduct or common scheme or plan as the offense of conviction.'" United States v. Savage, 414 F.3d 964, 966 (8th Cir. 2005) (quoting U.S.S.G. § 1B1.3(a)(2)).

According to Dacre, the guns he possessed had no connection with his drug trafficking activities. The evidence relied on by the sentencing judge is to the contrary.

First, Dacre admits he had a gun on his kitchen table on an occasion where he paid drug proceeds to the government's informant, and the informant testified that he saw the gun. Dacre contends the gun was on the table as he had just finished cleaning it. He asserts this weapon was not to aid him in his drug trafficking activity. The district court did not err in rejecting this claim. See United States v. Pizano, 421 F.3d 707, 732 (8th Cir. 2005) (rejecting defendant's claim that, during a drug transaction, he could "show off" a gun to his drug supplier and allow the supplier to hold the gun without resulting in a gun possession enhancement under Section 2D1.1(b)(1)).

Second, the government's informant testified at the sentencing hearing that Dacre sometimes wore a gun in a holster during drug transactions at the informant's apartment. The informant further testified that Dacre would open his coat to show the informant the gun. This testimony is consistent with Dacre's recorded remarks in which he refers to using a gun in drug transactions. Referring to his fanny-pack, Dacre told the informant, "This is what I also carry my gun in." and joked, "No, Officer, I don't have anything. Oh, don't look there. Bang." Sent. Tr. at 75.

Third, Dacre kept several loaded guns in close proximity to drugs and drug paraphernalia. From Dacre's residence, the police recovered, among other things, a loaded .357-caliber revolver under a couch cushion in the living room, a loaded 12-gauge shotgun leaning against the living room wall, a loaded .45-caliber handgun on a chest in the living room, four gun holsters, small amounts of methamphetamine (less than one gram) in the laundry room, $3,900 in cash in kitchen drawers, and a digital scale. See, e.g., United States v. Cave, 293 F.3d 1077, 1079 (8th Cir. 2002) ("[E]vidence that the weapon was found in the same location as drugs or drug paraphernalia usually suffices."); Brown v. United States, 169 F.3d 531, 533 (8th Cir.

1999) ("Based on the number, type, and the state of readiness of the weapons found . . . we can not agree . . . that the district court 'clearly erred' and that it was 'clearly improbable' that the firearms were related to the drug trafficking activities . . . ."); United States v. Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997) ("Given the proximity of the firearms to the drugs in this case, the ease with which the defendants could access the firearms, the ongoing drug trafficking occurring out of the residence at 5243 Cates, and the likely need for the defendants to protect both the drugs and the cash found in the residence, we hold that the district court did not clearly err in finding that it was not clearly improbable that the firearms were connected with the offense of drug trafficking.").

The precedents support the district judge's determination that defendant possessed a firearm in connection with the drug offense.

Accordingly, we affirm.

_____