FILED
United States Court of Appeals
Tenth Circuit

March 3, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEVEN ELLERY SPRINGER,

    Defendant - Appellant.

No. 08-2078
(D. N.M.)
(D.Ct. No. 1:06-CR-01622-MCA-1)

_____

## ORDER AND JUDGMENT[*]

_____

Before **LUCERO**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

_____

Steven Ellery Springer was sentenced to 240 months imprisonment, the statutory maximum, after being convicted by a jury of knowingly engaging in sexual conduct with a juvenile under the age of twelve. He appeals from his sentence, claiming procedural and substantive error. We affirm.

## I. BACKGROUND

On September 18, 2005, Jane Doe, a six-year-old girl, went to the carnival at Laguna Pueblo, New Mexico, with her mother. Towards the end of the day,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1

Doe went by herself to the game booth where Springer was working. Springer had Doe kneel on the counter instead of standing in front of the game booth. Two witnesses observed Springer put his hand between Doe's legs and "rub her in her vaginal area with his hand." (R. Vol. III at 142.) One of the witnesses went to find a law enforcement officer and the other observed Springer leading Doe away from the game booth towards the exit. The witness saw Springer pinch or grab Doe's buttocks as Doe got off the counter. At trial, Doe testified Springer "started touching me on my front part and back part, and that's when he started forcing me to walk with him before I could finish the game."[1] (*Id.* at 99.) Doe testified Springer was holding her "[a] little bit tight" and she "felt scared." (*Id.* at 104.) She testified Springer did not tell her where he was taking her but mentioned something about a car.

At approximately 7:50 p.m., one of the witnesses contacted two police officers. The officers followed Springer and Doe and saw Springer "kind of hugging" Doe and rubbing her back and buttocks. (*Id.* at 75.) One of the officers stopped Springer as he was walking toward the parking area, an area that was "not lit at all," and asked him for his identification. (*Id.* at 78.) The officer testified Doe looked "very scared" when he stopped Springer. (*Id.* at 81.) Springer was arrested after he admitted he was a convicted sex offender, was not registered as a sex offender in the State of New Mexico, and was prohibited from being in

---

[1] Doe was seven years old when she testified.

proximity to children.

Springer was indicted on one count of knowingly engaging in sexual conduct with Jane Doe, an Indian juvenile who had not attained the age of twelve, in violation of 18 U.S.C. §§ 2244(a)(1), (c), 2246(c)(3) and 1152. Prior to trial, the government learned Springer had previously pled guilty in North Carolina state court to three counts of taking indecent liberties with a minor in violation of N.C. Gen. Stat. § 14-202.1.[2] In that case Springer was sentenced to 40 to 48 months imprisonment and was released after approximately 4 years.

At trial, the judge permitted testimony from two victims of Springer's North Carolina offenses pursuant to Rule 414 of the Federal Rules of Evidence. A.B. testified that in June 1997, when she was eight years old, she visited her grandmother and two female cousins, ages nine and seven, in North Carolina. Springer was staying with A.B.'s grandmother at the time. For approximately two weeks, Springer touched A.B. and her cousins inappropriately on a daily basis. He touched A.B.'s breasts and vagina and A.B. saw Springer touch her cousins in

---

[2] This statute provides in pertinent part:
A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:
    (1)  Willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
    (2)  Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.
N.C. Gen. Stat. § 14-202.1(a).

the same manner. The touching stopped when one of the girls told one of their mothers. The girls talked with each other "about how it was not right and how we felt frightened by it." (R. Vol. III at 125.) J.P., A.B.'s second cousin, testified about the same June 1997 incident. She testified Springer touched her, her sister and her cousin "in our pants under our under garments and under our shirts and on our chests." (*Id.* at 131.) J.P. remembered being touched in her vaginal area the most.

The jury returned a verdict of guilty. Following Springer's conviction, the probation officer prepared a presentence investigation report (PSR).[3] The original version of the PSR determined Springer was subject to a mandatory life sentence pursuant to 18 U.S.C. § 3559(e)(1) because he had previously been convicted of a sex offense involving a minor. Springer objected to the application of § 3559(e)(1) on the ground that his North Carolina convictions did not constitute prior sex convictions within the meaning of the statute applying the modified categorical approach mandated by *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005).[4]

---

[3] The PSR used the 2006 version of the guidelines.

[4] In *United States v. Karam*, we explained: "To determine whether a prior conviction qualifies as a predicate offense for purposes of a sentencing enhancement, this court must look initially 'to the fact of conviction and the statutory definition of the prior offense.'" 496 F.3d 1157, 1166 (10th Cir. 2007) (quoting *Taylor*, 495 U.S. at 602). "In the context of a guilty plea, where the statutory language is not conclusive, this court may look beyond the express language of the statute to the terms of the charging document, the terms of a written plea agreement, a transcript of the plea colloquy, and other explicit factual findings assented to by the defendant." *Id.* (citing *Shepard*, 544 U.S. at 16 and

-4-

The probation officer agreed and prepared a revised PSR. The revised PSR determined Springer's base offense level was 20 pursuant to USSG §2A3.4(a)(1). Springer was subject to a 4 level enhancement under §2A3.4(b)(1) because the victim was under the age of twelve and a 5 level enhancement under §4B1.5(b)(1) because Springer had engaged in a pattern of activity involving prohibited sexual conduct. Springer's total offense level was 29 and his criminal history placed him in Criminal History Category II, resulting in an advisory guideline range of 97 to 121 months imprisonment.

Springer objected to the revised PSR arguing he was not subject to the enhancement under §4B1.5(b)(1) because he had not engaged in a pattern of prohibited sexual conduct as defined in the guideline. The government argued Springer was subject to a mandatory minimum sentence of life imprisonment under 18 U.S.C. § 3559(e)(1) but, if the judge determined otherwise, it should impose the statutory maximum of 240 months.

The judge sentenced Springer to 240 months imprisonment followed by supervised release for life. The judge explained her reasoning at Springer's sentencing hearing and in a twenty-eight page sentencing memorandum. The judge first determined Springer was not subject to a mandatory minimum sentence of life imprisonment because "as a matter of law . . . none of [Springer's] North Carolina convictions dating from 1997 qualify as a 'prior sex conviction' within

*United States v. Smith*, 433 F.3d 714, 718 (10th Cir. 2006)).

the meaning of 18 U.S.C. § 3559(e)(2)(C)."[5]  (R. Vol. I at 118.)  In reaching this

result, she applied the modified categorical approach set forth in *Taylor* and

*Shepard*.  She noted N.C. Gen. Stat. § 14-202.1 is not limited to instances of

sexual contact or sexual acts and thus, a violation of the statute would not

categorically constitute a prior sex conviction.  The judge further determined she

could not rely on the testimony of A.B. and J.P. in determining whether Springer

engaged in sexual contact or sexual acts because the jury did not make any

specific findings regarding the facts underlying Springer's prior convictions.  And

she determined the judicial record concerning Springer's prior convictions did not

reveal whether the crimes for which he was convicted involved sexual acts or

---

[5]  This statute provides: "A person who is convicted of a Federal sex offense in which a minor is the victim shall be sentenced to life imprisonment if the person has a prior sex conviction in which a minor was the victim . . . ."  18 U.S.C. § 3559(e)(1).  "[T]he term 'prior sex conviction' means a conviction for which the sentence was imposed before the conduct occurred constituting the subsequent Federal sex offense, and which was for a Federal sex offense or a State sex offense."  18 U.S.C. § 3559(e)(2)(C).  "[T]he term 'State sex offense' means an offense under State law that is punishable by more than one year in prison and consists of conduct that would be a Federal sex offense if . . . the conduct occurred in any commonwealth, territory, or possession of the United States . . . ."  18 U.S.C. § 3559(e)(2)(B)(ii).  The term "Federal sex offense" is defined to include an offense under 18 U.S.C. §§ 2241 (aggravated sexual abuse), 2242 (sexual abuse) and 2244(a)(1) (abusive sexual contact).  18 U.S.C. § 3559(e)(2)(A).  These statutes require a "sexual act" or "sexual contact."  The term "sexual act" means, *inter alia*, "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(2)(D).  "[T]he term 'sexual contact' means the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(3).

sexual conduct.

Though the PSR did not consider it, the judge concluded Springer was subject to the enhancement set forth in USSG §4B1.5(a) because he committed the instant offense subsequent to sustaining at least one sex offense conviction.[6] In arriving at this result, the judge determined that because the guidelines are advisory, as opposed to mandatory, she could engage in judicial factfinding to determine whether Springer's prior convictions constituted sex offense convictions within the meaning of the guideline. The judge "dr[e]w the reasonable, common-sense inference that at least one of the North Carolina crimes to which [Springer] pleaded guilty in 1997 falls within th[e] definition [of a prior sex offense conviction]." (R. Vol. I at 125.)

Applying §4B1.5(a), the judge determined Springer's total offense level was 32 instead of 29 and his Criminal History Category was V instead of II, resulting in a guideline range of 188 to 235 months imprisonment.[7] In the alternative, the judge held if §4B1.5(a) did not apply, Springer was subject to the

---

[6] For purposes of this guideline, the term "sex offense conviction" means in pertinent part "any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B), if the offense was perpetrated against a minor." USSG §4B1.5, comment. (n.3(A)(ii)). 18 U.S.C. § 2426(b)(1)(B) defines a "prior sex offense conviction" to mean a conviction for an offense "under State law for an offense consisting of conduct that would have been an offense under [18 U.S.C. §§ 2241, 2251 or 1591]" if the jurisdictional requirements were met.

[7] When a defendant is subject to the enhancement set forth in §4B1.5(a), his Criminal History Category "shall be the greater of: (A) the criminal history category determined under Chapter Four, Part A (Criminal History); or (B) criminal history category V." USSG §4B1.5(a)(2).

5 level enhancement under §4B1.5(b), as determined by the PSR, resulting in an advisory guideline range of 97 to 121 months.

The judge granted the government's request for an upward departure or variance to the statutory maximum of 240 months. She stated this sentence was appropriate whether the correct guideline range was 188 to 235 months or 97 to 121 months. She supported her ruling with a thorough discussion of the 18 U.S.C. § 3553(a) factors. Springer filed a timely notice of appeal.

## II. DISCUSSION

"After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for reasonableness under a deferential abuse-of-discretion standard." *United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1214 (10th Cir. 2008) (citation omitted). "Reasonableness review is a two-step process comprising a procedural and a substantive component. Procedural review asks whether the sentencing court committed any error in calculating or explaining the sentence. Substantive review involves whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *Id.* (quotations and citations omitted). Springer alleges procedural and substantive error.

A. Procedural Error

Springer contends the judge erred in calculating the advisory guideline range because it did not apply a categorical or modified categorical approach in

determining whether his North Carolina convictions constituted prior sex offense convictions within the meaning of USSG §4B1.5(a). The government concedes the judge committed procedural error but contends its error was harmless because she stated she would impose the same sentence even if §4B1.5(a) was inapplicable.[8]

Where a district court commits procedural error, we vacate the sentence imposed unless the error was harmless. *See United States v. Kaufman*, 546 F.3d 1242, 1270 (10th Cir. 2008). "[H]armless error is that which does not affect the district court's selection of the sentence imposed, and the burden of proving harmlessness is on the beneficiary of the error—here, [the government]." *Id.* (quotations and citation omitted); *see also United States v. Marshall*, 432 F.3d 1157, 1162 (10th Cir. 2005) (explaining the party seeking to show harmless error must demonstrate, by a preponderance of the evidence, that the judge would have imposed the same sentence absent the error).

This is not the first time we have considered whether a court's alternative

---

[8] We do not decide whether the court committed procedural error in engaging in judicial factfinding to determine the applicability of USSG §4B1.5(a). This seems to be the result suggested by case law from this and the Eighth Circuit. *See United States v. Maldonado-Lopez*, 517 F.3d 1207, 1210 (10th Cir. 2008) (McConnell, J., concurring) ("When a sentencing enhancement is framed in terms of the statute of conviction, the categorical approach applies and the sentencing court must look not to the particular facts of the prior conviction but to the terms of the underlying statute."); *United States v. Lockwood*, 446 F.3d 825, 827 (8th Cir. 2006) (applying modified categorical approach to determine whether the district court erred in concluding defendant's prior state conviction constituted a prior sex offense conviction within the meaning of USSG §4B1.5). However, we need not decide the issue because we determine any error was harmless.

sentence renders its procedural error harmless. In *United States v. Pena-Hermosillo*, the district court rejected two enhancements sought by the government resulting in an advisory guideline range of 188 to 235 months instead of 324 to 405 months. 522 F.3d 1108, 1111 (10th Cir. 2008). The judge varied downward and imposed a sentence of 121 months, one month above the statutory minimum for two of the four counts. After announcing its sentence, the judge stated "the same sentence would be imposed even if the advisory guideline range was determined to be improperly calculated." *Id.* at 1111 (quotations omitted). He explained the 121 month sentence was "the most reasonable sentence upon consideration of all the factors enumerated in [18 U.S.C. § 3553]." *Id.* at 1117 (quotations and citation omitted).

We held the district court did not sufficiently explain the reasons for rejecting disputed enhancements and then considered the alternative sentence. We found "procedural error even in the district court's attempt to impose the same sentence under an alternative rationale." *Id.* We explained "the district court's cursory explanation for its alternative rationale . . . falls short of the explanation necessary for sentencing under § 3553, especially where the variance from the guideline range is as large as this." *Id.* We stated "it is hard for us to imagine a case where it would be procedurally reasonable for a district court to announce that the same sentence would apply even if correct guideline calculations are so substantially different, *without cogent explanation*." *Id.*

-10-

(emphasis added).  We noted "we need not determine when, if ever, an alternative holding based on the exercise of *Booker* discretion could render a procedurally unreasonable sentence calculation harmless.  We hold only that *where the district court offers no more than a perfunctory explanation for its alternative holding*, it does not satisfy the requirement of procedural reasonableness."  *Id.* at 1117-18 (emphasis added).

Here, the district court's explanation for its alternative sentence was anything but cursory.  It explained its reasoning in detail at Springer's sentencing hearing and in its sentencing memorandum.  The judge justified her decision to vary from the guidelines by considering the totality of circumstances under § 3553(a).[9]  Specifically, she explained the 240-month sentence was justified whether the guideline range was 188 to 235 months or 97 to 121 months because: (1) Springer's prior convictions were for prior sex offenses against children; (2) the victim of the instant offense was only six years old and much smaller than

---

[9] The judge did not specifically state whether it was departing or varying from the guideline range.  We have recognized that "[d]epartures and variances are analytically distinct."  *United States v. Martinez-Barragan*, 545 F.3d 894, 901 (10th Cir. 2008).  "[W]hen a court reaches a sentence above or below the recommended guideline range through application of Chapters Four and Five of the Sentencing Guidelines, the resulting increase or decrease is referred to as a 'departure.'  When a court enhances or detracts from the recommended range through application of § 3553(a) factors, however, the increase or decrease is called a 'variance.'"  *United States v. Atencio*, 476 F.3d 1099, 1101 n.1 (10th Cir. 2007).  A full reading of the district court's decision here indicates it imposed a higher sentence based primarily on consideration of the § 3553(a) factors.  Thus, we treat the sentence as a variance, not a departure.  *See, e.g., Alapizco-Valenzuela*, 546 F.3d at 1221-22.

Springer; (3) Springer was an unregistered sex offender who purposefully took a job providing him with access to children; (4) Springer was apprehended while leading the victim towards a remote area, indicating an intent to engage in additional, more serious sexual abuse; (5) Springer has a high likelihood of recidivism as evidenced by the fact that his prior incarceration did not deter him from committing the instant offense; (6) Springer needs long-term sex-offender treatment; (7) a guideline sentence would not adequately represent the seriousness of the crime; and (8) a guideline sentence would create an unwarranted sentencing disparity between Springer and individuals convicted of similar prior sex offenses against children.

The Supreme Court held in *Gall v. United States* that "failing to adequately explain the chosen sentence" is procedural error. 128 S. Ct. 586, 597 (2007). Here, the judge did not fail to adequately explain the alternative sentence and we need not engage in speculation or conjecture. This distinguishes this case from *Pena-Hermosillo*, where the alternative sentence lacked "cogent explanation" and was "no more than . . . perfunctory." 522 F.3d at 1117-18. Though we could not foresee it in *Pena-Hermosillo*, the alternative sentence here satisfies the requirement of procedural reasonableness and renders harmless the assumed error the court made in calculating Springer's guideline range.

B. Substantive Error

Springer also contends the sentence imposed is substantively unreasonable.

-12-

He takes issue with the judge's decision to sentence him to the statutory maximum "no matter what the guideline range" and contends the 240-month sentence is not reasonable because "[f]or the most part, the reasons upon which the district court relied in sentencing [ ] [him] to the statutory maximum . . . were accounted for in the guideline enhancements applied to his base offense level." (Appellant's Opening Br. at 16, 29.) He also argues his sentence is unreasonable in light of *United States v. Huckins*, 529 F.3d 1312 (10th Cir. 2008) (affirming sentence of 18 months for defendant who pled guilty to one count of possession of child pornography), *United States v. Drewry*, 365 F.3d 957 (10th Cir. 2004) (pre-*Gall*, affirming sentence of 210 months for defendant who was convicted of five counts of physical and sexual abuse of four children), and *United States v. Cramer*, 414 F.3d 983 (8th Cir. 2005) (pre-*Gall*, affirming sentence of 235 months for defendant who pled guilty to one count of transporting a minor with intent to engage in criminal sexual activity where the minor had been missing for two years). The government contends the sentence is reasonable and reflects the judge's thorough consideration of the § 3553(a) factors.

When, as here, the district court varies from the guideline range through application of the § 3553(a) factors, "we simply consider whether the length of the sentence is substantively reasonable utilizing the abuse-of-discretion standard. We do not apply a presumption of unreasonableness to the sentence, and instead must give due deference to the district court's decision that the § 3553(a) factors,

on a whole, justify the extent of the variance." *Alapizco-Valenzuela*, 546 F.3d at 1216 (quotations and citation omitted).

The judge did not abuse her discretion in varying upwards from the guidelines to arrive at a sentence of 240 months. She did not say she would sentence Springer to the statutory maximum regardless of the guideline range. Rather, she stated a sentence of 240 months was warranted whether the guideline range was 188 to 235 months or 97 to 121 months. Based on the facts presented, this was not improper. Nor was it improper for the judge to rely on the same facts to support both an enhancement and a variance. *See id.* at 1222-23. And we are not troubled by the alleged disparity between the sentence imposed in this case and the sentences imposed in *Huckins*, *Drewry*, and *Cramer*. The judge noted Springer was spared a life sentence simply because the record of his North Carolina convictions lacked specificity regarding the nature of his offenses. The judge engaged in a thorough discussion of the § 3553(a) factors and her reasoning reflects the fact she considered Springer "as an individual" and considered this case "as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, 128 S. Ct. at 598 (quotations and citation omitted).

**AFFIRMED**.

                                      **Entered by the Court:**

                                      **Terrence L. O'Brien**
United States Circuit Judge

-14-