743

UNITED STATES of America,

v.

Christopher BARFIELD, Appellant.

No. 08–2301.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) on Sept. 30, 2009.

Filed: Oct. 9, 2009.

Jessica Natali, Esq., Nancy B. Winter, Esq., Robert A. Zauzmer, Esq., Office of United States Attorney, Philadelphia, PA, for Plaintiff–Appellee.

Giovanni O. Campbell, Esq., Philadelphia, PA, for Defendant–Appellant.

Before: RENDELL, AMBRO and WEIS, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Christopher Barfield's appeal of his conviction and sentence presents two issues for our determination: (1) whether the District Court improperly relied on hearsay evidence to calculate Barfield's Guidelines range; and (2) whether judicial determination of Barfield's prior felony convictions, which increased the maximum statutory term of imprisonment, was permissible under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1] Because we conclude that

1. The District Court exercised jurisdiction under 18 U.S.C. § 3231, and our jurisdiction is

the hearsay evidence relied upon by the District Court possessed the requisite degree of reliability and was thus admissible, and that its determination regarding Barfield's prior convictions was proper, we will affirm the order of the District Court.

Because we write for the benefit of the parties, we confine our discussion to the facts salient to this appeal. On June 26, 2007, Christopher Barfield robbed Fatema Cheeseborough at gunpoint. After Cheeseborough informed a friend, Matthew James, of the incident, the pair confronted Barfield. During the ensuing exchange, Barfield shot James in the stomach. Cheeseborough promptly reported the shooting to police, providing a complete description of the assailant. Cheeseborough and a second eyewitness, Sharita Wright, subsequently identified Barfield as the shooter in a photo array, and Barfield was arrested shortly thereafter. At the time of Barfield's arrest, officers recovered a gun on defendant's person, and a ballistics analysis linked the weapon to shells recovered from the scene of the shooting. A jury convicted Barfield of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). At sentencing, the District Court, relying chiefly on Detective Christopher Casee's testimony regarding statements made by Cheeseborough and Wright to police, determined that Barfield used or possessed a firearm or ammunition "in connection with a crime of violence"[2]—specifically, the robbery and shooting of June 26, 2007—and, accordingly, increased Barfield's offense level from 33 to 34. *See* U.S.S.G. § 4B1.4(b)(3)(A). Barfield was sentenced

to 300 months' imprisonment, a term within the applicable Guidelines range of 262 to 327 months.

■ Barfield's central contention on appeal is that the District Court's Guidelines calculation rested on unreliable hearsay evidence, and that augmentation of his offense level under § 4B1.4(b)(3)(A) was thus improper. Factual findings relevant to a Guidelines calculation need only be proven by the government by a preponderance of the evidence. *United States v. Grier,* 475 F.3d 556, 568 (3d Cir.2007) (en banc) (applying preponderance of the evidence standard to "all facts relevant to the Guidelines"). We review factual findings underlying a Guidelines calculation for clear error, *United States v. Jimenez,* 513 F.3d 62, 85 (3d Cir.2008); *see* 18 U.S.C. § 3742(e), but exercise plenary review of questions of law, including the proper construction of the Guidelines, *United States v. Helbling,* 209 F.3d 226, 243 (3d Cir. 2000), and the admissibility of hearsay evidence, *United States v. Brothers,* 75 F.3d 845, 848 (3d Cir.1996).

Hearsay evidence is admissible in sentencing proceedings, provided it has "sufficient indicia of reliability to support its probable accuracy." *Brothers,* 75 F.3d at 848 (quoting *United States v. Sciarrino,* 884 F.2d 95, 98 (3d Cir.1989)) (noting that use of hearsay in making findings for purposes of Guidelines sentencing violates neither the Sentencing Reform Act of 1984 nor the Due Process Clause, but that to avoid "misinformation of constitutional magnitude," such testimony must have sufficient indicia of reliability); *United States v. Baylin,* 696 F.2d 1030, 1040 (3d Cir. 1982); *see also* U.S.S.G. § 6A1.3(a). Fac-

---

proper under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

**2.** "Crime of violence" is defined in pertinent part as "any offense under federal or state

law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another...." U.S.S.G. § 4B1.2.(a)(1).

tors bearing on the reliability of hearsay testimony include the declarant's memory, perception, and credibility, and the presence of corroborating (or conflicting) evidence. *See United States v. Miele*, 989 F.2d 659, 662, 664–67 (3d Cir.1993); *see United States v. Simmons*, 964 F.2d 763, 776 (8th Cir.1992); *United States v. Duarte*, 950 F.2d 1255, 1265–66 (7th Cir. 1991); *United States v. Cammisano*, 917 F.2d 1057, 1062 (8th Cir.1990).

Barfield contends that Cheeseborough and Wright's statements to police, offered through Detective Casee at the sentencing hearing, lacked the requisite reliability and were thus inadmissible. Casee testified that Cheeseborough promptly filed a police report after the robbery, provided a physical description of the assailant, and identified Barfield during a subsequent photo array. Casee testified, further, that Wright also identified Barfield as the assailant in a photo array shortly after the shooting, and that Cheeseborough and Wright were steadfast in their belief that Barfield had committed the robbery and shooting.

Cheeseborough's statements to police exhibit sufficient indicia of reliability for admission under U.S.S.G. § 6A1.3(a) and our precedents. Cheeseborough's clear perception and memory of the incident support the reliability of her identification. Cheeseborough's close physical proximity to Barfield, who wore no disguise, enabled her clearly to apprehend his physical features. Cheeseborough's memory was not impaired by the passage of time; rather, Cheeseborough promptly memorialized her observations, filing a detailed police report immediately after the incident and, a few days later, identifying Barfield in a photo array. *See United States v. Leekins*, 493 F.3d 143, 151 (3d Cir.2007) (concluding that the "detail and internal consistency" of police report, together with the "other corroborating material," provide

sufficient indicia of the reliability); *cf. Simmons*, 964 F.2d at 776 (deeming unreliable testimony of addict informant with memory impairment).

Cheeseborough's identification of Barfield is also corroborated by other evidence. *See United States v. Berry*, 258 F.3d 971, 976 (9th Cir.2001) ("One factor evidencing the reliability of hearsay statements ... is external consistency."); *see also United States v. Petty*, 982 F.2d 1365 (9th Cir.1993). A second eyewitness, Sharita Wright, identified Barfield as the assailant in a photo array. *See Sciarrino*, 884 F.2d at 97 (finding sufficient indicia of reliability where hearsay evidence was corroborated by statements of other witnesses). Jones's confrontation with Barfield, the ensuing shooting, and a ballistics analysis linking the weapon to shells recovered from the crime scene all support Cheeseborough's identification of Barfield as the perpetrator of the robbery and shooting. Significantly, no contrary evidence was adduced by defendant.

The record also provides no basis to question Cheeseborough's credibility. *See Miele*, 989 F.2d at 667 (emphasizing importance of declarant's credibility to reliability analysis). Cheeseborough's identification of Barfield was consistent and unwavering. *See also Duarte*, 950 F.2d at 1265–66 (vacating and remanding drug quantity-based sentence because court relied on one of two contradictory estimates from same witness without addressing the contradiction). Cheeseborough's subsequent conduct— her communication of the robbery to Jones and immediate report of the shooting to police, which prompted a criminal investigation and the procurement of a warrant for Barfield's arrest—confirm the veracity of her statements. *See United States v. Knife*, 9 F.3d 705, 706 (8th Cir.1993) (deeming

reliable victim statements corroborated by victim's conduct and documentary evidence). Barfield does not identify—and our independent review of the record does not disclose—a motive for Cheeseborough to fabricate the crimes reported. *See also Gray v. Klauser*, 282 F.3d 633, 650 (9th Cir.2002) (finding hearsay evidence admissible under Fed.R.Evid. 803(24) where declarant lacked a motive to fabricate).

On this record, we conclude that Cheeseborough's statements to police were reliable, that their admission at sentencing was proper, and that adequate evidence thus supported the District Court's determination that Barfield possessed a firearm or ammunition "in connection with a crime of violence," triggering a one-point increase in defendant's offense level. *See* § 4B1.4(b)(3)(A).

■ Barfield also contends that his sentence of 25 years exceeded the statutory maximum term and was thus unconstitutional. Barfield's conviction under section 922(g)(1) carried a statutory maximum prison term of ten years. At sentencing, however, the District Court determined that Barfield's prior felony drug convictions triggered a sentence enhancement under section 924(e), which carries a statutory maximum term of life imprisonment, thus enabling it to impose the higher sentence. Barfield's chief contention is that *Apprendi v. New Jersey* requires jury determination of his prior convictions. 530 U.S. at 489–90, 120 S.Ct. 2348. *Apprendi* held that facts increasing a defendant's statutory maximum term must be pled and proved to a jury beyond a reasonable doubt. However, *Apprendi* underscored the principle, set forth in *Almendarez–Torres v. United States*, 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), that prior convictions triggering a sentence enhancement need only be found by the sentencing judge by a preponderance of the evidence. *Apprendi*, 530 U.S. at 489, 120 S.Ct. 2348. Accordingly, judicial determination of Barfield's prior felony convictions was permissible, and his sentence of 25 years' imprisonment did not violate *Apprendi.*

For the foregoing reasons, the Judgment and Conviction Order of the District Court will be AFFIRMED.